# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCELL CLEINOW,<br>    Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,[1]<br>    Defendant. | CIVIL ACTION NO. 17-213 |



FILED
MAY - 1 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## ORDER

Plaintiff Marcell Cleinow filed this action pursuant to 42 U.S.C. § 405(g), requesting judicial review of the final decision of the Acting Commissioner of the Social Security Administrator ("Commissioner"), denying his claim for Supplemental Security Income ("SSI"). This Court referred the case to United States Magistrate Judge Marilyn Heffley, who issued a Report and Recommendation ("R&R") that the Commissioner's decision be affirmed. Plaintiff has filed objections to the R&R. For reasons discussed below, the objections will be overruled and the R&R approved and adopted.

In denying Plaintiff's claim for SSI, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from osteoarthritis of the left knee, obesity, asthma, and major depression. The ALJ concluded that despite these conditions, Plaintiff retained the residual functional capacity ("RFC") to perform "medium work," as defined in 20 C.F.R. § 404.1567(c), with certain restrictions,[2] and could perform jobs available in the national economy, such as assembly work, kitchen helper positions, and various packing positions. In reaching these conclusions, the ALJ

---

[1] Substituted pursuant to Fed. R. Civ. P. 25(d).

[2] In particular, the ALJ found that Plaintiff would be limited as follows: "[h]e has been limited to simple routine tasks requiring no more than reasoning level 2. He has been restricted to work that involves occasional contact with the public, coworkers, and supervisors; no working on assembly lines or in teams; and little change in the work setting or work processes. Additionally, the claimant has been limited to work that involves no more than occasional exposure to fumes, dust, gases odors, and changes in temperature and humidity." R. at 20.

afforded little weight to the opinion of Plaintiff's treating physician, Dr. Suzette Barreto, that he was capable of sitting for up to only two hours, standing or walking for only four hours, would need to alternate between sitting and standing every hour, and would miss four or more days of work per month due to his impairments and/or treatments.[3] The ALJ found that these opinions were not supported by the record as a whole, including Dr. Barreto's treatment notes.[4]

Plaintiff sought review of the ALJ's findings as to his physical impairments only, contending that the ALJ erred in assigning little weight to Dr. Barreto's opinion, and in declining to seek a consultative evaluation. The R&R considered the medical records as a whole in concluding that the ALJ did not err in discounting Dr. Barreto's opinion, and that under the circumstances, the ALJ was not obligated to order a comprehensive consultation. Plaintiff now objects to the R&R with respect to the ALJ's treatment of Dr. Baretto's opinion on three grounds. The Court addresses each of the objections in turn.

First, Plaintiff objects that the R&R fails to address her argument that the ALJ was required under SSR 96-5p and other regulations to make every reasonable effort to contact Dr. Barreto to clarify inconsistencies between her opinion and the medical records. But courts in this district have consistently rejected this argument, and concluded that "the regulation makes clear that the ALJ only need re-contact the medical source when the evidence received from the medical source is inadequate to determine whether or not the claimant is disabled, not because the ALJ finds the doctor's opinion inconsistent with the claimant's medical records."[5]

---

[3] R. at 264-65.

[4] R. at 27.

[5] *McCall v. Colvin*, No. 13-4770, 2015 WL 9302929, at *5 (E.D. Pa. Dec. 22, 2015) (internal quotations and citation omitted); *see also Becker v. Barnhart*, No. 03–6374, 2005 WL 747047, at *5 (E.D. Pa. Apr. 1, 2005) ("When the treating physicians' conclusions are inconsistent with the objective medical evidence in the record, or the limitations on a claimants' ability reported by the treating physicians are not supported by objective medical evidence, the ALJ is permitted to give these conclusions little or no weight."); *Thurman v. Barnhart*, No. 05-5447,

2

Accordingly, the ALJ did not err by discounting Dr. Barreto's opinion without contacting her to address inconsistencies between her opinion and the record.

Second, Plaintiff asserts that contrary to the R&R's conclusion, an ALJ is obligated to determine whether to assign controlling weight to the medical opinion of a treating physician before considering whether the opinion is supported by evidence or is consistent with the record as a whole pursuant to 20 C.F.R. § 404.1527(c). However, the Third Circuit has held that an ALJ "may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."[6] Here, the ALJ's determination that the opinion was entitled to less weight was supported by substantial evidence for the reasons set out in detail in the R&R.

Third, Plaintiff asserts that contrary to the R&R's conclusion, an ALJ's RFC findings must be based on at least one medical opinion in order to be supported by substantial evidence. In so arguing, Plaintiff relies on the Third Circuit's decision in *Doak v. Heckler*,[7] which held that an ALJ's conclusion that a plaintiff was able to perform light work was not supported by substantial evidence because "[n]o physician suggested that the activity Doak could perform was consistent with the definition of light work."[8] But *Doak* does not stand for the proposition that an ALJ cannot make an RFC determination in the absence of a medical opinion reaching the

---

2007 WL 2728656, at *7 (E.D. Pa. Sept. 18, 2007) (holding that an ALJ is not obligated to re-contact the treating physician and request an explanation of the inconsistency between the physician's treatment notes and his assessment).

[6] *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (internal citation omitted). Plaintiff's argument is also contradicted by the text of the regulation, which provides that the Administration will consider the supportability and consistency of a treating physician's medical opinion in the course of determining whether to assign the opinion controlling weight: "*[i]f we find* that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) *is well-supported* by medically acceptable clinical and laboratory diagnostic techniques *and is not inconsistent* with the other substantial evidence in your case record, *we will give it controlling weight.*" 20 C.F.R. § 404.1527(c)(2) (emphases added).

[7] 790 F.2d 26 (3d Cir. 1986).

[8] *Id.* at 29.

3

same conclusion. Such a rule would be inconsistent the Third Circuit's express holding that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations."[9] Rather, the Court in *Doak* held that the ALJ's opinion was unsupported because nothing in the record, which consisted of testimony and three medical reports, justified the ALJ's conclusion.[10] Contrary to Plaintiff's contention, the more recent, nonprecedential Third Circuit and district court opinions on which the R&R relies clarify, rather than contradict, *Doak*'s holding, and make clear that an ALJ is not restricted to adopting the conclusions of a medical opinion in making an RFC determination.[11] As explained in detail in the R&R, the ALJ properly considered Plaintiff's medical records as a whole in determining Plaintiff's RFC, and was not required to rely on a specific medical opinion.

For these reasons, Plaintiff's objections to the R&R are overruled and the R&R will be approved and adopted.

**AND NOW,** this 30th day of April 2018, upon consideration of Plaintiff's Request for Review, Defendant's Response, the Report and Recommendation of United States Magistrate Judge Marilyn Heffley, Plaintiff's Objections to the Report and Recommendation, and Defendant's Response thereto, and after a careful, independent review of the complete administrative record, it is hereby **ORDERED** that:

---

[9] *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2011); *see also Callahan v. Colvin,* No. 13-1634, 2014 WL 7408700, at *1 n.1 (W.D. Pa. Dec. 30, 2014) (In *Doak,* "[t]he Third Circuit did nothing more than make a substantial evidence finding in light of a limited record and did not purport to create a rule that an RFC determination must be based on a specific medical opinion.").

[10] *Doty v. Colvin,* No. 13-80-J, 2014 WL 29036, at *1 n.1 (W.D. Pa. Jan. 2, 2014).

[11] *See Titterington v. Barnhart,* 174 F. App'x 6, 11 (3d Cir. 2006) ("There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC. Surveying the medical evidence to craft an RFC is part of the ALJ's duties."); *Cummings v. Colvin,* 129 F. Supp. 3d 209, 215 (W.D. Pa. 2015) (citing *Doty,* 2014 WL 29036, at *1 n. 1) ("*Doak* 'does not, as Plaintiff suggests, hold that an ALJ's RFC findings must be based on a particular medical opinion . . . .'"); *Callahan,* 2014 WL 7408700, at *1 n.1 (same).

4

1. The Clerk is directed to **REMOVE** the case from civil suspense;

2. Plaintiff's Objections to the R&R [Doc. No. 15] are **OVERRULED**.

3. The Report and Recommendation [Doc. No. 14] is **APPROVED AND ADOPTED**.

4. Consistent with the R&R, the relief sought in Plaintiff's Request for Review [Doc. No. 9] is **DENIED**, and the decision of the Commissioner is **AFFIRMED**.

It is so **ORDERED**.

BY THE COURT:

*/s/ Cynthia M. Rufe*
**CYNTHIA M. RUFE, J.**